# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| DALE HENRY, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cv-00807-KJD-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CLARK COUNTY FAMILY SERVICES, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on April 8, 2016.

## BACKGROUND

Plaintiff alleges that he was denied due process under the law. From a review of the Complaint, there appears to have been a separate case involving Clark County Family Service. Plaintiff alleges that case workers withheld the results of a psychological evaluation and that he was not provided enough time to complete a case plan prior to trial. Plaintiff requests that the separate case be reopened, that Child Protective Services be ordered to release documents to Plaintiff, and that he be granted a new trial. Plaintiff does not identify what specific causes of action he is asserting against Defendant.

## DISCUSSION

**I.    Application to Proceed In *Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction.  *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1.  Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.* 298 U.S. 178, 182-83 (1936).  Plaintiff does not state the grounds for the

Court's jurisdiction in his Complaint nor does the Complaint contain allegations demonstrating that the Court has jurisdiction. The Court therefore lacks jurisdiction over this action.

Further, from review of his Complaint, it appears that Plaintiff may be attempting to allege a civil rights complaint pursuant to 42 U.S.C. § 1983. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law. Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.

The Court will grant Plaintiff leave to amend his Complaint to cure its deficiencies and to show why the Court has jurisdiction in accordance with the above discussion. In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). If Plaintiff elects to file an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to show subject matter jurisdiction, with leave to amend. Plaintiff shall have until **November 14, 2016** to file an amended complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in the dismissal of this action.

DATED this 18th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge